IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-1940 |
| CHRISTINE CLARK, | § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This forcible detainer suit removed from Texas state court is before the Court on Plaintiff US Bank National Association's ("Plaintiff") Motion to Remand ("Motion") [Doc. # 3]. On July 9, 2015, the Court ordered Defendant Christine Clark ("Defendant"), proceeding *pro se*, to respond to the Motion by July 27, 2015. Order dated July 9, 2015 [Doc. # 4]. Defendant did not timely file a response or request for additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, Defendant's failure to respond is taken as a representation of no opposition. *See* S.D. TEX. R. 7.3, 7.4. Plaintiff's Motion is ripe for review. Having reviewed the record and the applicable legal authorities, the Court **grants** Plaintiff's Motion and **remands** this case to the County Court at Law No. One (1) of Harris County, Texas.

P:\ORDERS\11-2015\1940MR.wpd   150731.0930

## I.  BACKGROUND

Plaintiff seeks to evict Defendant from certain real property located in Cypress, Texas, that Plaintiff allegedly purchased at a non-judicial foreclosure sale.  Sworn Complaint and Forcible Detainer ("Complaint") [Doc. # 1-2], at ECF pages 3-4.  On April 16, 2015, Plaintiff filed this forcible detainer suit against Defendant and other occupants of the subject property in the Justice of the Peace Court Precinct 4, Place 1, Harris County, Texas ("JP Court").  *Id.*  On May 5, 2015, the JP Court entered default judgment in favor of Plaintiff after Defendant failed to appear at the hearing on the merits of the suit.  Judgment by Default for Landlord [Doc. # 3], at ECF pages 35-36.  Defendant subsequently appealed the default judgment to the County Court at Law No. One (1) of Harris County, Texas ("County Court").  *See* Letter from County Clerk Stan Stanart dated June 9, 2015 (noting receipt of appeal) [Doc. # 1-2], at ECF page 25.  On June 11, 2015, the County Court set trial in the case for July 8, 2015.  *See* Order for Trial Setting [Doc. # 1-2], at ECF page 27.  On July 7, 2015, the day before the trial was set to begin, Defendant removed this case to federal court.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Defendant, as the removing party, bears the burden of showing that removal is proper. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Id.* (internal quotation marks and citation omitted).

### III. ANALYSIS

Defendant removed this case under 28 U.S.C. § 1332 on the basis of complete diversity of citizenship between the parties. Notice of Removal [Doc. # 1], at 1. Defendant, however, is a citizen of Texas. *Id.*, at 2. Even though the parties are apparently diverse in citizenship, Defendant may not remove this case to the federal court in the Southern District of Texas on the basis of § 1332(a) diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). Defendant is a citizen of Texas[1] and, therefore, she may not remove this case from Texas state court based on § 1332.

---

[1] *See* Complaint, at 1, Section III; Notice of Removal, at 2.

Defendant asserts in passing that the Court also has jurisdiction under 28 U.S.C. § 1331. Notice of Removal, at 1. Federal district courts have original jurisdiction under § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant's Notice of Removal does not provide any explanation as to how this case "arises under" federal law. A review of Plaintiff's Complaint (and Defendant's Notice of Removal) establishes that no federal claim is asserted by Plaintiff. Federal question jurisdiction exists pursuant to § 1331 "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Contr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Plaintiff sues Defendant for violations of Texas state law, and Plaintiff's right to relief does not necessarily depend on resolution of a substantial question of federal law. *See Deutsche Bank Nat'l Trust Co. v. Rohleder*, Civ. Action No. H-13-1547, 2013 WL 3884231, at *1 (S.D. Tex. July 19, 2013) (Hittner J.) (remanding a similar forcible detainer suit filed under Texas state law for lack of subject matter jurisdiction).

Accordingly, the Court concludes that Defendant has failed to satisfy her burden of showing that removal is proper in this case.

## IV.     **CONCLUSION AND ORDER**

For the reasons explained above, the Court lacks subject matter jurisdiction in this case.  It is therefore

**ORDERED** that Defendant's Motion to Remand [Doc. # 3] is **GRANTED**.

The Court will issue a separate remand order.

SIGNED at Houston, Texas, this 31st day of **July, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE